PUBLISH

F I L E D
United States Court of Appeals
Tenth Circuit

April 20, 2006

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD TERRELL, also known as
C-Bone,

Defendant - Appellant.

No. 05-1231

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 03-CR-619-MK)**

Submitted on the briefs:

Richard N. Stuckey, Denver, Colorado, for the Defendant - Appellant.

William J. Leone, United States Attorney, Jerry N. Jones, Assistant United States Attorney, Denver, Colorado, for the Plaintiff - Appellee.

Before **HARTZ**, Circuit Judge, **HOLLOWAY**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

**HARTZ**, Circuit Judge.

Although Richard Terrell was sentenced below the applicable range provided by the United States Sentencing Guidelines, he appeals his sentence, contending that the district court erred by giving too much weight to the Guidelines and not enough consideration to the other factors set forth in 18 U.S.C. § 3553(a). We have jurisdiction under 28 U.S.C. § 1291, *see United States v. Chavez-Diaz*, No. 05-2288, slip op. at 9-12 (10th Cir. April 18, 2006) (holding that we have jurisdiction to review challenge to district court's refusal to depart downward further), and affirm the judgment of the district court.

## I.    BACKGROUND

Mr. Terrell pleaded guilty to three counts of distributing phencyclidine (PCP) and one count of distributing five or more grams of crack cocaine. The plea agreement stated the parties' understanding that a Guidelines calculation would result in an offense level of 24 and a criminal history category of V, placing the sentencing range at 92-115 months' imprisonment. It further stated, however, that Mr. Terrell's prior criminal history was "substantially overstated" by the Guidelines. R. Vol. I Doc. 127 at 11. In particular, it said, in a recommendation not binding on the court, that (1) a more appropriate criminal history category would be III, which would reduce the Guidelines range to 63-78 months' imprisonment, and (2) the "most appropriate sentence" would be 63 months' imprisonment. *Id.*

Mr. Terrell's guilty plea was accepted by the district court on February 7, 2005. Later, however, a reweighing of the crack cocaine at issue revealed that it weighed less than five grams. The parties jointly moved that Mr. Terrell be allowed to withdraw his guilty plea to that charge and that it be dismissed. The district court granted the motion on May 2, 2005.

Just as assumed in the plea agreement, the presentence report (PSR) calculated an offense level of 24, criminal history category of V, and sentencing range of 92-115 months' imprisonment. (Dismissal of the cocaine charge did not affect the calculation.) Mr. Terrell filed an objection to the PSR, contending that it overrepresented the seriousness of his criminal history. At the sentencing hearing neither party objected to the factual contents of the PSR, or its calculation of the sentencing range, but the government stood by its recommendation of 63 months' imprisonment. The district court then asked the government to explain "what factors under Section 3553(a) justify a deviation from the calculation under the Sentencing Guidelines." R. Vol. II at 13. The government responded that Mr. Terrell was cooperative at the time of his arrest, provided investigators with a good deal of information, "appear[ed] to be one of the lower rungs on the ladder of this organization," and suffered from "self-induced health problems." *Id*. at 15. It also reiterated its position that 63 months' imprisonment was a fair sentence. Likewise, Mr. Terrell's counsel contended that 63 months'

imprisonment was an appropriate sentence under the § 3553(a) factors, stating that "of particular importance is the determination that we made that the defendant's prior criminal history is substantially overstated." *Id*. at 19.

The district court then described its approach to sentencing: "[T]he way I interpret the statute 3553(a) is I make a determination first under the guidelines and then I look at the other factors to see if a deviation from the recommendation under the guidelines is appropriate." *Id*. at 21. The district court stated that Mr. Terrell's counsel was "mixing" those two determinations, and asked him whether he wanted to argue specifically that a criminal history category of V "substantially overstates the likelihood of recidivism or the seriousness of the prior convictions." *Id*. at 21-22. *See* USSG § 4A1.3(b)(1) (court may depart downward "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes"). Mr. Terrell's counsel did so, though still phrasing much of his argument in terms of § 3553(a).

After the parties' arguments, the district court observed that there was no factual dispute concerning the PSR or the Guidelines calculation, and then discussed at length Mr. Terrell's criminal history. It summed up:

> [T]his is not a modest criminal history. This is a drumbeat of
> criminal violations over an extended period of time. And this

> criminal history category does not assign points for a number of offenses. . . .
>
> I cannot conclude based on this criminal history that it substantially over-represents the seriousness of what has occurred, nor that it overstates the likelihood of recidivism.

R. Vol. II at 34. Based on this determination, the court decided that a downward departure under § 4A1.3(b)(1) was not warranted.

The district court then addressed "whether [the] recommendations under the Sentencing Guidelines should govern the sentence to be imposed, or whether there should be some deviation from the Sentencing Guidelines calculation in order to take into account the other factors of 18 U.S.C. Section 3553(a)." *Id.* at 35. Although announcing that it would give "heavy weight" to the Guidelines "because they were designed to meet the objectives of 3553(a)," the district court stated that a variance from the Guidelines would be appropriate if they did not adequately take into consideration pertinent circumstances. *Id.* The court noted the government's contentions that (1) the case had been difficult for Mr. Terrell because of the actions of his prior counsel, (2) Mr. Terrell had provided law enforcement with a large amount of information, and (3) the uncertainty in federal sentencing law during the time the parties were negotiating the plea agreement "created ambiguity as to what the Government's obligation in all fairness to the defendant was in the negotiations." *Id.* at 36. The district court also acknowledged Mr. Terrell's arguments "about the nature and circumstances of the

offense and the history and characteristics of the defendant," including his drug addiction, medical problems, and associated need for treatment. *Id*. at 37. It then concluded:

> [C]onsidering all of the factors under 18 U.S.C. Section 3553(a), I believe an appropriate sentence is not 63 months, as agreed to by the parties, nor is it 92 months at the bottom of the range that the Sentencing Guidelines would apply. It is instead 78 months, which is at the top of the guideline range that the parties believed and thought would be applicable at the time that they entered into their plea agreement.

*Id*. at 38-39. Neither party objected to the sentence.

## II. DISCUSSION

In *United States v. Booker*, 543 U.S. 220 (2005), a five-justice majority of the Supreme Court held that mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment. A different five-justice majority, however, injected new life into the Guidelines by making them advisory, striking down 28 U.S.C. § 3553(b)(1) (court "shall" impose a sentence within the Guidelines range), and 28 U.S.C. § 3742(e) (de novo appellate review), *id*. at 245, but stating that "[s]ection 3553(a) remains in effect, and sets forth numerous factors that guide sentencing." *Id*. at 261. One of those factors is "the sentencing range established [by] . . . the guidelines." 18 U.S.C. § 3553(a)(4). Thus, the Court counseled that district courts "must consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264. The issue in this case is

whether a district court errs in giving the Guidelines "heavy weight" in sentencing. We hold that it does not.

This court recently joined a number of other circuits in holding that a sentence within the applicable Guidelines range is presumptively reasonable. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). *But see United States v. Jiménez-Beltre*, 440 F.3d 514 (1st Cir. 2006) (en banc) (speaking in terms of presumption is not helpful); *United States v. Fernandez*, ___ F.3d ___ 2006 WL 851670 (2d Cir. April 3, 2006) (refusing to establish a presumption). The Guidelines continue to be the "starting point" for district courts and for this court's reasonableness review on appeal. *United States v. John H. Sitting Bear*, 436 F.3d 929, 935 (8th Cir. 2006) (internal quotation marks omitted). Even after *Booker*, deference to the Guidelines is essential "to promote uniformity in sentencing so as to prevent vastly divergent sentences for offenders with similar criminal histories and offenses." *Kristl*, 437 F.3d at 1054 (internal quotation marks omitted); *see also Booker*, 543 U.S. at 253 ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity.").

A presumption of reasonableness attaches to a sentence within the Guidelines not because they are still mandatory; they are not. Rather, it is because the Guidelines "represent at this point eighteen years' worth of careful

consideration of the proper sentence for federal offenses." *United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005); *see also United States v. Wilson*, 350 F. Supp. 2d 910, 915 (D. Utah 2005) ("It would be startling to discover that while Congress had created an expert agency, approved the agency's members, directed the agency to promulgate Guidelines, allowed those Guidelines to go into effect, and adjusted those Guidelines over a period of fifteen years, that the resulting Guidelines did not well serve the underlying congressional purposes [of sentencing]."). The Guidelines, rather than being at odds with the § 3553(a) factors, are instead the expert attempt of an experienced body to weigh those factors in a variety of situations. The continuing importance of the Guidelines in fashioning reasonable sentences, and the presumption of reasonableness of a Guidelines sentence, simply reflect that the Guidelines are generally an accurate application of the factors listed in § 3553(a).

Accordingly, we cannot say that a district court errs when it gives a high degree of weight to the Guidelines in its sentencing decisions. In a recent remand for resentencing, we rejected the argument "that giving the Guidelines a high level of deference on remand would violate [a defendant's] Sixth Amendment rights by de facto making the Guidelines mandatory. . . . [*Booker*] indicates that trial courts must accord deference to the Guidelines. . . . Thus, we decline

Defendant's invitation to dilute the influence of the Guidelines upon remand of his sentence." *United States v. Crockett*, 435 F.3d 1305, 1318 (10th Cir. 2006).

To be sure, district courts must consider all the factors listed in § 3553(a). And even when the sentence is within the Guidelines range, the defendant or the government can rebut the presumption of reasonableness "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Kristl*, 437 F.3d at 1054. But just as we presume on appeal that a sentence within the applicable Guidelines range is reasonable, so are district courts free to make the same presumption—so long as they also consider the other factors listed in § 3553(a).

We therefore conclude that the district court in this case did not err in giving "heavy weight" to the Guidelines calculation. The district court thoughtfully considered the other factors listed in § 3553(a) and, in fact, concluded that a sentence below the advisory range was the most appropriate.

## III. CONCLUSION

We AFFIRM the judgment of the district court.