**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEWAYNE E. CHRISTIANSEN,

Defendant-Appellant.

No. 05-6255

(W.D. of Okla.)

(D.C. No. CR-05-28-2-F)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Dewayne E. Christiansen appeals 180-month concurrent sentences imposed after he was convicted of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Christiansen argues that the district court's sentence was unreasonable because it departed upward by six offense levels after it concluded the United States Sentencing Guidelines ("Guidelines")

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

did not adequately account for his extensive criminal history. The additional offense levels increased Christiansen's minimum sentence from 92 months to 151 months. Since the district court correctly applied USSG § 4A1.3 in deciding upon a six-level upward departure, and Christiansen has failed to otherwise demonstrate that his sentence is unreasonable, we AFFIRM.

## I. Discussion

Christiansen and co-defendant Taylor Garrison, Jr. were indicted on two counts of bank robbery. After Christiansen pleaded guilty, the presentence report calculated his criminal history category as VI and his offense level as 23, yielding a Guideline range of 92–115 months for each robbery. The report noted that Christiansen had an additional 27 felony convictions that were not used in the criminal history calculation because of their age. At sentencing, the district court determined that the Guidelines did not adequately account for Christiansen's criminal history. The court therefore invoked USSG § 4A1.3(a)[1] and departed

___

[1] USSG § 4A1.3(a) provides as follows:
    (a) UPWARD DEPARTURES.—
        (1) STANDARD FOR UPWARD DEPARTURE.—If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.
        (2) TYPES OF INFORMATION FORMING THE BASIS FOR UPWARD DEPARTURE.—The information described in subsection (a) may include information concerning the following:

(continued...)

upward six levels in its calculation of the applicable Guideline sentence.  This

resulted in an offense level of 29, which, when combined with Christiansen's

---

[1](...continued)

> (A) Prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses).
> (B) Prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions.
> (C) Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order.
> (D) Whether the defendant was pending trial or sentencing on another charge at the time of the instant offense.
> (E) Prior similar adult criminal conduct not resulting in a criminal conviction.

(3) PROHIBITION.—A prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement.

(4) DETERMINATION OF EXTENT OF UPWARD DEPARTURE.—

> (A) IN GENERAL.—Except as provided in subdivision (B), the court shall determine the extent of a departure under this subsection by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's.
> (B) UPWARD DEPARTURES FROM CATEGORY VI.—In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range

-3-

criminal history category of VI, yielded a recommended Guideline range of 151–188 months. The court sentenced Christiansen to two concurrent terms of 180 months.

Christiansen argued at sentencing and maintains on appeal that the district court acted unreasonably when it imposed sentences of 180 months. Christiansen contends that the district court should not have applied USSG § 4A1.3(a) and that doing so resulted in a sentence unreasonable in light of the factors set forth at 18 U.S.C. § 3553(a).

While we have held that an "extreme divergence" from the applicable Guideline range must be supported by "dramatic facts" in order to be reasonable, we require only an "appropriate justification" where the sentence is more moderately separated from the Guideline recommendation. *See United States v. Cage*, __ F.3d __, 2006 WL 1554674 (10th Cir. 2006) (reversing a non-Guidelines sentence of six days for unreasonableness where the minimum advisory Guideline sentence was 46 months and the district court had already decided that a departure under the Guidelines themselves would be inappropriate). Moreover, a sentencing court "is not required to consider individually each factor listed in § 3553(a) before issuing a sentence," and we will "not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005). Nonetheless, we turn to a

consideration of the § 3553(a) factors as they apply to Christiansen's sentence to determine whether they were properly taken into account by the district court.

Section 3553(a)(1) mandates consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant." Here, Christiansen's history and characteristics were plainly considered by the district court when it decided to enhance under USSG § 4A1.3(a) in light of Christiansen's extensive criminal record. The next factor requires that the sentencing court balance

> the need for the sentence imposed to: (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). The district court concluded that Christiansen deserved a higher sentence in light of this factor. His extensive criminal history demonstrated a longstanding lack of respect for the law, his offense was of a serious nature, prior convictions have obviously failed to deter him from criminal conduct, and the public clearly required protection from Christiansen's demonstrated penchant for criminality.

The next three factors mandate that the sentencing court consider the kinds of sentences available, the applicable Guideline sentencing range, and any pertinent policy statements in the Guidelines. 18 U.S.C. § 3553(a)(3)–(5). These

factors were explicitly considered by the district court when it acknowledged the initial Guideline range and decided that an enhancement pursuant to USSG § 4A1.3(a) was appropriate. The enhanced sentence is reasonable in light of these factors for the same reason that the enhancement was itself appropriate under the Guidelines: the Guidelines significantly under-represented Christiansen's criminal career.

Finally, § 3553(a)(6) requires the district court be cognizant of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Christiansen's sentence is undeniably disparate from the typical sentence imposed for bank robbery; however, this factor cautions only against *unwarranted* sentence disparity. Christiansen's enhanced sentence was warranted by his exceptional criminal record and the inability of the Guidelines to properly account for his criminal history absent a USSG § 4A1.3(a) departure. Therefore, Christiansen's sentence is reasonable under this factor.

In sum, a review of the relevant § 3553(a) factors discloses that the district court did not impose an unreasonable sentence.[2]

---

[2] It is worth noting that Christiansen's sentence was properly enhanced under USSG § 4A1.3. As we have noted, the Guidelines, while advisory after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "'represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses'" and the Guidelines, "rather than being at odds with the § 3553(a) factors, are instead the expert attempt of an experienced
(continued...)

## II. Conclusion

For the foregoing reasons, we find Christiansen's sentence to be reasonable and AFFIRM the district court.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[2](...continued)
body to weigh those factors in a variety of situations." *United States v. Terrell*, 445 F.3d 1261, 1265 (10th Cir. 2006) (quoting *United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). The same can be said of those portions of the Guidelines which explicitly provide for circumstances in which a departure may be necessary in order to achieve a reasonable sentence.