**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 28, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELICIANO MERINO-SANCHEZ,

Defendant - Appellant.

No. 06-1002

D. Colorado

(D.C. No. 05-CR-252-WM)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Judge, **ANDERSON** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant/appellant Feliciano Merino-Sanchez pled guilty to one count of

unlawful reentry by an alien previously deported following a conviction for an

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to thirty months' imprisonment. He has timely appealed.

Merino-Sanchez's appointed counsel, Warren R. Williamson, has filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Merino-Sanchez has not filed a response, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own review of the record. For the reasons set forth below, we agree with Mr. Moore that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

As stated in his plea agreement, Merino-Sanchez, a citizen of Mexico, was convicted in 1993 of a felony drug trafficking offense, in violation of California law. He was deported to Mexico in February 2001. He reentered the United States illegally in June 2002. On May 13, 2005, he was arrested in Denver, Colorado, on charges related to the consumption of alcohol in a public park and was found to be present illegally in the United States.

Merino-Sanchez then entered into a written plea agreement, in which he agreed to plead guilty to the single-count indictment, in exchange for a stipulated sentence under Fed. R. Crim. P. 11(c)(1)(C). The stipulated sentence was a sentence at the lowest end of the United States Sentencing Commission,

-2-

Guidelines Manual ("USSG") (2004), sentencing range applicable for a total

offense level of 17. Plea Agreement at 5, R. Vol. I, tab 19. The plea agreement

calculated Merino-Sanchez's criminal history category as III, which yielded an

estimated sentencing range of thirty to thirty-seven months. The United States

Probation office prepared a presentence report ("PSR"), which also calculated

Merino-Sanchez's guideline sentencing range at thirty to thirty-seven months.

The district court subsequently held a sentencing hearing and imposed the

thirty month sentence to which the parties had stipulated. Merino-Sanchez,

proceeding *pro se*, filed this appeal. We appointed counsel to represent Merino-

Sanchez.

**DISCUSSION**

Under Anders, "counsel [may] request permission to withdraw [from an

appeal] where counsel conscientiously examines a case and determines that any

appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930

(10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel

to

> submit a brief to the client and the appellate court indicating any
> potential appealable issues based on the record. The client may then
> choose to submit arguments to the court. The [c]ourt must then
> conduct a full examination of the record to determine whether
> defendant's claims are wholly frivolous. If the court concludes after
> such an examination that the appeal is frivolous, it may grant
> counsel's motion to withdraw and may dismiss that appeal.

Id. (citing Anders, 386 U.S. at 744).

We agree with Merino-Sanchez's counsel that there are no nonfrivolous issues related to Merino-Sanchez's guilty plea or sentence.

> Federal Rule of Criminal Procedure 11(c)(1)(C) states that, in structuring a guilty plea, the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." Where a defendant agrees to and receives a specific sentence, that defendant may only appeal the sentence if it was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, or (3) is greater than the sentence set forth in the plea agreement.

United States v. Silva, 413 F.3d 1283, 1284 (10th Cir. 2005). Our review of the record in this case reveals no argument that the sentence was imposed in violation of law, nor is there any argument that it resulted from an incorrect application of the guidelines. Furthermore, it is precisely the sentence set forth in the plea agreement. We can perceive nothing in this record which would rebut the presumption of reasonableness accorded the sentence imposed in this case. See United States v. Terrell, 445 F.3d 1261, 1264-65 (10th Cir. 2006). It is both reasoned and reasonable.

## CONCLUSION

For the foregoing reasons, counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge