**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

BENNIE J. HERRING II,

 Defendant-Appellant.

No. 06-3161
(D.C. No. 05-CR-20066-KHV)
(Kansas)

**AMENDED ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Bennie J. Herring II appeals the district court's imposition of a 32 year

sentence, arguing the sentence is unreasonable. We affirm.

On May 18, 2005, Mr. Herring entered the Capitol Federal Savings Bank in

Olathe, Kansas. There were ten bank employees and one customer present. Mr.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Herring directed all eleven individuals to remove their clothing but for their undergarments. He restrained the bank manager and five other bank employees with zip ties. He chained five of the restrained employees together and seated them in the bank waiting area. Mr. Herring then proceeded to collect his loot, during which time the police arrived. Mr. Herring gave the sole bank customer a two-way radio and directed the individual to take the radio outside to the police. He obtained the keys to a mini-van belonging to one of the employees and gave them to the assistant bank manager, Patricia Peuser. Mr. Herring took the five bound individuals and Ms. Peuser outside and loaded them into the van, instructing Ms. Peuser to drive.

Mr. Herring made contact with the police using the two-way radio and requested they permit the vehicle to exit the bank parking lot. In the absence of an immediate response from the police, Mr. Herring held the handgun to Ms. Peuser's head and threatened to start shooting hostages if the police did not escort them away from the premises. A police armored personnel carrier arrived and pulled up to the van. Mr. Herring fired two shots out of the van. Ms. Peuser took the radio from Mr. Herring and pleaded for the officers to let the van leave the bank. She then backed around the armored vehicle, drove over a curb and out of the parking lot.

Mr. Herring directed Ms. Peuser to proceed to the local airport. Upon arrival, Mr. Herring instructed Ms. Peuser to drive onto the tarmac and park near

a small private plane that was awaiting take-off.  He exited the van, bringing Ms. Peuser with him.  He approached the plane and told the occupants to get out.  When Ms. Peuser took a step back, the police shot Mr. Herring several times, bringing his criminal episode to a rapid conclusion.

Mr. Herring pled guilty to armed bank robbery in which a hostage was taken in violation of 18 U.S.C. § 2113(e) (Count I), brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count II), and attempted aircraft piracy in violation of 49 U.S.C. § 46502 (Count III).  As calculated in his presentence report (PSR), Mr. Herring's guideline range was 188-235 months.  Because the attempted aircraft piracy conviction carried a statutory mandatory minimum of twenty years, the guideline minimum became 240 months.  The § 924(c) charge also carried a mandatory 7 year sentence required to run consecutively to any other sentence imposed, which added an additional mandatory 84 months.  The government was obligated under the plea agreement to recommend a sentence within the applicable guideline range and thus recommended 27 years or 324 months at sentencing.  Instead, the district court sentenced Mr. Herring to a total of 32 years or 384 months, imposing a sentence of 25 years on Counts One and Three to be served concurrently and 7 years on Count Two to be served consecutively.  Mr. Herring contends his

sentence is unreasonable.[1]

"Under *Booker*, we are required to review district court sentencing decisions for 'reasonableness.'" *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). In *United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006), we announced a two-step approach to review the procedural and substantive components of sentences post-*Booker*. First, if challenged, we consider whether the district court properly calculated the defendant's guidelines sentence and considered the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). If the district court properly calculated the guidelines sentence, we then determine whether the sentence imposed is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *Kristl,* 437 F.3d at 1054-55. Sentences imposed within the advisory guideline range are presumed reasonable. *Id.* Even without that presumption, however, we are not convinced Mr. Herring's sentence is unreasonable when viewed in light of the sentencing factors delineated in § 3353(a). *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1203-04 (10th Cir. 2007).

Because of the mandatory minimum sentences required here by statute, the

---

[1]Tenth Circuit Rule 28.2(A)(1), (2) instruct appellants to attach to their brief a copy of the transcript containing oral findings and conclusions. We admonish counsel for failing to attach a copy of the transcript of Mr. Herring's sentencing hearing, which contained the district court's sentencing decision and reasoning. Counsel's failure was particularly egregious given that he asserts as grounds for reversal the alleged lack of reasoning in the district court's decision.

recommended guideline range became irrelevant and the mandatory minimums became the guidelines range. U.S.S.G. § 5G1.1(b). Thus, the guidelines sentence was properly calculated. *Kristl*, 437 F.3d at 1054-55. Moreover, the court specifically considered the factors set forth in § 3553(a). *See* Rec., vol. II at 43-44. The court found the 27 year sentence inadequately reflected Mr. Herring discharging his weapon, creating substantial risks of death to not only the hostages but also to law enforcement and the public, and abducting six hostages. *Id.* at 39-40. *See* 18 U.S.C. § 3553(a)(1), (2)(A), and (3).

The court considered the abduction of hostages particularly important and noted the guideline enhancement for hostages taken in the course of a bank robbery only accounts for one hostage. *See* Rec., vol. II at 39-40; U.S.S.G. § 2B3.1(4) (affording four level increase for abduction of any one person). Adding an additional year for each hostage, *id.* at 40, was a logical result given the magnitude of Mr. Herring's actions. The guidelines themselves suggest a departure where the offense level reflects only harm to one victim. *See* U.S.S.G. § 5K2.0, cmt. n.3(B)(ii) (noting guideline departure may be warranted where guidelines only account for harm to one person). The district court appropriately used the guidelines as its "starting point." *United States v. Terrell*, 445 F.3d 1261, 1264 (10th Cir. 2006) (quoting *United States v. Sitting Bear*, 436 F.3d 929, 935 (8th Cir. 2006)). It then fashioned an appropriate sentence by considering the factors set forth in § 3553(a). This was a reasoned method of

calculating Mr. Herring's sentence. We thus find no error in the procedural component of Mr. Herring's sentence.

We similarly see no problem with the substantive component of Mr. Herring's sentence. Considering the reasonableness of a sentence requires us to consider the weight the court accorded the various factors. *Cage*, 451 F.3d at 595. Mr. Herring's sentence only exceeded the mandatory *minimum* by five years. Given Mr. Herring's actions during his crimes—taking six hostages, putting his gun to at least one hostage's head, shooting at the police, attempting to hijack an airplane—Mr. Herring's sentence is reasonable. This case simply does not involve the extraordinary discrepancy between the guidelines range and the actual sentence required to determine it unreasonable. *See Cage*, 451 F.3d at 594-95 (finding six day sentence unreasonable where bottom of applicable sentencing range would have been forty-six months).

Under *Booker*, sentencing is discretionary and the district court used that discretion to fashion a sentence that was reasonably tailored to Mr. Herring's crimes. We therefore **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge.