**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SANTIAGO SOSA-ACOSTA,

    Defendant-Appellant.

No. 06-4174
(D.C. No. 1:06-CR-2 PGC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **MCCONNELL**, Circuit Judges.

---

Santiago Sosa-Acosta pled guilty to one count of possessing

methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a) and

received a sentence of 78 months' imprisonment. He now appeals his sentence,

claiming that the district court erred both procedurally and substantively in

imposing a sentence at the bottom of the United States Sentencing Guidelines

range (the "Guidelines range") for his offense. Taking jurisdiction under 18

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 3742(a) and 28 U.S.C. § 1291, we hold that the district court did not err and therefore AFFIRM Mr. Sosa-Acosta's sentence.

## BACKGROUND

In January 2006, Mr. Sosa-Acosta, along with two other men, was indicted on one count of possession with intent to distribute methamphetamine and one count of possession with intent to distribute cocaine, each a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mr. Sosa-Acosta pled guilty to the first count of the indictment and, as a part of his plea agreement, the government agreed to dismiss the second count. The government also filed a motion for a three-level downward departure from the applicable Guideline range pursuant to U.S.S.G. § 5K1.1 based on Mr. Sosa-Acosta's cooperation in testifying against one of his co-defendants.[1]

At the sentencing hearing, the district court calculated Mr. Sosa-Acosta's base offense level at 28, taking into account a three-level reduction based upon the government's § 5K1.1 motion. Combined with Mr. Sosa-Acosta's criminal history category of one, the court found that this yielded a Guideline range with a low end of 78 months' imprisonment.

---

[1] U.S.S.G. § 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

The court then heard from defense counsel, who first emphasized that Mr. Sosa-Acosta suffers from a medical condition related to his kidney function and asked that the court take this into account by recommending that Mr. Sosa-Acosta be placed in a prison with appropriate medical facilities.[2] The court agreed to this request, noting the importance of ensuring that the Bureau of Prisons has the information required to meet prisoners' medical needs and stating that the court would recommend placement in "a facility that can handle his kidney issues." Defense counsel also requested that Mr. Sosa-Acosta not be placed in a prison with any of his co-defendants or their family members, and the court agreed to make such a recommendation.

Finally, defense counsel requested a downward variance from the Guideline range calculated by the court for Mr. Sosa-Acosta's offense:

> Beyond that, I would just – what is in the presentence report I think that the government has been – has been generous, hopefully appropriately so. And I don't want to push this too much, but given the fact that Mr. Sosa-Acosta has some medical issues . . . I would ask the court to consider giving him a sentence of 72 months, realizing that he probably is going to enjoy a reduced life expectancy. He is not exactly a young man. And I realize that that is not – that is not premised on the guidelines. I don't think there is anything that makes this extraordinary under the guidelines or I would have made that kind of argument. But

[2]Mr. Sosa-Acosta's medical issues were discussed in the Presentence Report ("PSR") prepared by the U.S. Probation Office, which noted that Mr. Sosa-Acosta's kidneys do not function at normal capacity and, as a result, he requires monitoring for creatinine accumulation, elevated uric acid, and the development of kidney stones. The PSR also stated that Mr. Sosa-Acosta suffers from chronic renal failure and will require a kidney transplant within a few years, and that failure to receive a new kidney will result in his death.

if you look at the factors under 3553(a), I mentioned, you know, just sort of his medical history and his treatment needs. But beyond that, it certainly does – does promote respect for the law in the sense that he still will get a stiff sentence but he will – but takes into consideration some of his unique medical circumstances.

The court responded by voicing concern that such a downward variance would not be appropriate:

Let me tell you what worries about me [sic] that. Yesterday I had one of the co-defendants who was one of the lesser players in the scheme than Mr. Sosa-Acosta was. And I am afraid that if I drop him down, that maybe that is not being fair to a co-defendant that had a smaller role.

Defense counsel responded by arguing that such a sentencing discrepancy would be reasonable, given the fact that Mr. Sosa-Acosta had a medical problem and that he was older than his co-defendants. The court, however, imposed a sentence of 78 months, the bottom of the Guideline range, stating that "I don't see any good reason for going below that here."

Mr. Sosa-Acosta did not raise any objection after the court pronounced the sentence, but subsequently filed this appeal.[3]

---

[3]Mr. Sosa-Acosta's appeal was not timely, as judgment was entered on his sentence on June 29, 2006, and Mr. Sosa-Acosta's notice of appeal was not filed until July 18, 2006. However, pursuant to Fed. R. App. P. 4(b)(4), the district court granted a retroactive extension of the time for appeal. We affirm the district court's finding of excusable neglect, and therefore accept jurisdiction over Mr. Sosa-Acosta's appeal.

**DISCUSSION**

"Under Booker, we are required to review district court sentencing decisions for 'reasonableness.' Sentencing decisions must be reversed when a sentence is unreasonable considering the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Cage, 451 F.3d 585, 591 (10th Cir. 2006) (quoting United States v. Booker, 543 U.S. 220, 261 (2005)). On appeal, Mr. Sosa-Acosta argues that his sentence was both procedurally and substantively unreasonable. See id. ("Reasonableness has both procedural and substantive components."). We address each of Mr. Sosa-Acosta's arguments in turn.

**Procedural Reasonableness**

Mr. Sosa-Acosta argues that his sentence was procedurally unreasonable because the district court failed to "clearly consider[] the § 3553(a) factors and explain[] its reasoning" in arriving at a within-Guidelines sentence of 78 months' imprisonment. Id. As an initial matter, we note that Mr. Sosa-Acosta failed to object to the procedure by which his sentence was determined or explained at his sentencing hearing; thus, we review only for plain error. United States v. Torres-Duenas, 461 F.3d 1178, 1182-83 (10th Cir. 2006), petition for cert. filed (Nov. 22, 2006) (No. 06-7990); United States v. Lopez-Florez, 444 F.3d 1218, 1221 (10th Cir. 2006), petition for cert. filed (Jul. 7, 2006) (No. 06-5217). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation

of judicial proceedings." Lopez-Florez, 444 F.3d at 1222. We need only proceed as far as the first prong of this inquiry, however, because we hold that the district court committed no error.

Mr. Sosa-Acosta contends that the court failed to properly address his argument that his medical condition merited a below-Guidelines sentence under the § 3553(a) statutory factors. Generally, when imposing a within-Guidelines sentence, the district court is required only to issue "a general statement noting the appropriate guideline range and how it was calculated," United States v. Ruiz-Terrazas, 477 F.3d 1196, 1202 (10th Cir. 2007) (quoting Lopez-Florez, 444 F.3d at 1222), a requirement clearly met by the district court's explanation including Mr. Sosa-Acosta's base offense level, the adjustment for his cooperation with the government, and his criminal history. Mr. Sosa-Acosta, however, claims that his argument at the sentencing hearing required more of the district court:

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

United States v. Sanchez-Juarez, 446 F.3d 1109, 1117 (10th Cir. 2006) (first alteration added, subsequent alterations and quotation omitted).

Assuming that Mr. Sosa-Acosta's argument was nonfrivolous and that he expressly requested a below-Guidelines sentence, Sanchez-Juarez nevertheless

provides no basis for reversal. In Sanchez-Juarez, we reversed a sentence because the district court "stated no reasons for the sentence it imposed" and "at no time during the sentencing hearing or when imposing the sentence did the district court refer to the § 3553(a) factors." Id. at 1115. Here, however, it is quite clear from the record that the district court considered Mr. Sosa-Acosta's argument in arriving at his sentence. Indeed, the court responded directly to the argument, stating in response that it was "worrie[d]" that imposing a below-Guidelines sentence would create an unfair disparity with the sentence imposed just the day before on one of his co-defendants — a concern that is explicitly recognized under the statutory factors at § 3553(a)(6) and lies at the heart of the Guidelines. See Booker, 543 U.S. at 253 ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity.").

In addition, the court spoke at length about Mr. Sosa-Acosta's medical condition in agreeing to recommend his placement in a prison with adequate medical facilities, thus indicating that the court was well aware of the medical condition and its potential effects on Mr. Sosa-Acosta's time in prison. Finally, in announcing a within-Guidelines sentence, the court explained that it "d[id]n't see any good reason for going below that here."

Taken together, these statements are a satisfactory indication that the court considered Mr. Sosa-Acosta's argument in light of the statutory factors and rejected it, which is all that is required by statute or precedent. See Ruiz-

Terrazas, 477 F.3d at 1202-03 ("The record before us reveals that the district court entertained Mr. Ruiz-Terrazas's Section 3553(a) arguments at length; indicated on the record that it had considered the Section 3553(a) factors; and proceeded to explain its reliance on the range suggested by the sentencing Guidelines. In our view, no more is required by statute or our precedents."). Mr. Sosa-Acosta's contention that the court must explicitly state every reason for rejecting his sentencing arguments simply does not find support in the law of this circuit. See Lopez-Flores, 444 F.3d at 1222 ("We do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.").

Thus, we conclude that Mr. Sosa-Acosta has failed to show that the district court committed plain error in calculating or explaining his sentence, and therefore we decline to reverse on grounds of procedural unreasonableness.

## Substantive Reasonableness

Mr. Sosa-Acosta also failed to explicitly object to the length of his sentence at the sentencing hearing. However, "when the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue." Torres-Duenas, 461 F.3d at 1183. Thus, we review the length of his sentence for reasonableness. Id.

Because the length of the sentence imposed upon Mr. Sosa-Acosta was within the Guidelines range, we afford it a presumption of reasonableness. Cage, 451 F.3d at 591; United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). This presumption may be rebutted by "demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." Kristl, 437 F.3d at 1054.

Mr. Sosa-Acosta cites no authority to directly rebut the presumption that his within-Guidelines sentence was reasonable based on the facts of his case, and never explains precisely what leads him to believe that a 72-month sentence would be perfectly reasonable but a 78-month sentence entirely unreasonable. Instead, he proposes a novel rule of law: "[W]here the Guidelines do not include a relevant consideration, that consideration not only justifies but compels a nonguideline sentence." In other words, according to Mr. Sosa-Acosta, if a defendant argues for a downward variance based on a § 3553(a) factor not explicitly mentioned in the Guidelines, then the court must grant the variance and impose a below-Guidelines sentence unless the court can justify a within-Guidelines sentence based on a counterbalancing § 3553(a) factor weighing in favor of a higher sentence.

To begin with, even if we accepted this new rule, it is unclear that it would be of any help in this case. To be sure, Mr. Sosa-Acosta argued for a downward variance based on his medical condition, which falls within § 3553(a)(1)'s

consideration of the "characteristics of the defendant"; however, the district court responded by invoking § 3553(a)(6)'s "need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct." Under Mr. Sosa-Acosta's rule, these two opposing factors would counterbalance one another and the district court would have met its burden to demonstrate that a within-Guidelines sentence remains reasonable.[4]

But we must emphasize that, in any case, we do not adopt Mr. Sosa-Acosta's proposed rule because it would fundamentally alter the defendant's burden in overcoming the presumption of reasonableness of a within-Guidelines sentence. Just because a defendant can point to a factor recognized under § 3553(a) and not explicitly referenced in the Guidelines does not automatically render a sentence within the Guidelines range unreasonable; "[i]ndeed, a range of possible sentences might be upheld as reasonable on appeal. . . . To affirm, we must simply be satisfied that the chosen sentence, standing alone, is reasonable." United States v. Jarillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007). As we have repeatedly held, a defendant must do more to rebut the presumption of

_____

[4]Mr. Sosa-Acosta argues on appeal that the sentencing discrepancy would be based on his medical condition and thus would not be "unwarranted," preventing the application of § 3553(a)(6). This does not appear to us to be a foregone conclusion; given that the district court recommended that Mr. Sosa-Acosta be placed in a facility that was capable of accommodating his medical needs, it is unclear why prison life would exacerbate his difficulties any more than it exacerbates the difficulties of all prisoners. In any case, we cannot say that the district court was unreasonable in finding that these factors counterbalanced one another.

reasonableness that a within-Guidelines sentence carries than simply point to a mitigating factor recognized by § 3553(a): he must actually "demonstrat[e] that the sentence is unreasonable when viewed against" this factor. Torres-Duenas, 461 F.3d at 1183; Kristl, 437 F.3d at 1054. Rather than satisfying this burden with authority or argument that his medical condition renders a 78-month sentence unreasonable, Mr. Sosa-Acosta instead seeks to create a burden-shifting framework whereby the presumption of reasonableness evaporates as soon as a relevant § 3553(a) factor outside of the Guideline calculation is identified, and the district court thereafter bears the burden to demonstrate that a within-Guidelines sentence is reasonable.

Such a shifting of the burdens would be entirely inconsistent with our recognition of the persuasive value of the Guidelines and approval of district courts' giving "a high degree of weight to the Guidelines in sentencing decisions." United States v. Terrell, 445 F.3d 1261, 1265 (10th Cir. 2006).

> The Guidelines, rather than being at odds with the § 3553(a) factors, are instead the expert attempt of an experienced body to weigh those factors in a variety of situations. The continuing importance of the Guidelines in fashioning reasonable sentences, and the presumption of reasonableness of a Guidelines sentence, simply reflect that the Guidelines are generally an accurate application of the factors listed in § 3553(a).

Id. A defendant can certainly overcome the presumptive reasonableness of the Guidelines, but to do so he must demonstrate not only that a § 3553(a) factor exists which the Guidelines do not take into account, but that this factor is so

important and persuasive as to overcome the "eighteen years' worth of careful consideration of the proper sentence for federal offenses" that the Guidelines represent. Id. (quoting United States v. Mykytiuk, 415 F.3d 606, 607 (7th Cir. 2005)).

Thus, having rejected Mr. Sosa-Acosta's proposed burden-shifting framework, we proceed to consider his attempt to rebut the presumption of reasonableness in this case. He argues that his medical condition "gives context to his crime and invites compassion for his prognosis," and that "the court can receive the same deterrence benefit and 'just punishment' through a shorter prison term." Even assuming these statements to be true, they do not demonstrate that Mr. Sosa-Acosta's 78-month sentence was unreasonable; at most, they show that a (slightly) shorter sentence would have been a reasonable alternative. But "the district court is not required to convince us that all other sentences are unreasonable or even that the sentence chosen is the best of the reasonable sentences. To affirm, we must simply be satisfied that the chosen sentence, standing alone, is reasonable." Jarillo-Luna, 478 F.3d at 1230. Mr. Sosa-Acosta provides no analysis as to why a 78-month sentence is unreasonable in his case; therefore, we are satisfied that this within-Guidelines sentence is reasonable.

## CONCLUSION

We conclude that the district court adequately addressed Mr. Sosa-Acosta's request for a below-Guidelines sentence, and therefore did not procedurally err.

- 12 -

Similarly, we conclude that Mr. Sosa-Acosta has failed to rebut the presumption of substantive reasonableness attached to his within-Guidelines sentence. Accordingly, we AFFIRM the district court's imposition of a 78-month sentence.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge