**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SALVADOR CHAVEZ-MAGANA, also
known as Javier Garcia-Magana,

    Defendant-Appellant.

No. 06-1472

(D.C. No. 05-CR-391-F)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Defendant Salvador Chavez-Magana (Chavez-Magana) appeals his sentence of

135 months' imprisonment to be followed by five years of supervised release. Chavez-

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Magana pled guilty to knowingly and intentionally possessing with intent to distribute a quantity of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He argues that the district court committed plain error in failing to *sua sponte* grant him a two-level reduction in his base offense level pursuant to U.S.S.G. § 3B1.2 because he was a minor participant in the crime for which he was convicted. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

During the execution of a search warrant in August of 2004, special agents from the Bureau of Immigration and Customs Enforcement (ICE) discovered a concealed compartment containing drugs in the basement of the residence where it was believed Chavez-Magana was the sole occupant. The agents also found a firearm and ammunition in Chavez-Magana's residence.

Chavez-Magana was indicted in September of 2005 on one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In February of 2006, the government filed notice of its intent to rely on sentence enhancement factors provided in 21 U.S.C. §§ 841(b)(1)(A) and 851. In July of 2006, Chavez-Magana pled guilty to the single count in his indictment pursuant to a plea agreement with the government. Pursuant to the plea agreement, Chavez-Magana agreed to plead guilty to the indictment, withdraw all pending motions, forfeit his interest in a

firearm and ammunition found during the search of his premises, and provide the government with information. In exchange, the government agreed to withdraw its previously filed notice of intent to seek sentencing enhancements, recommend a sentence at the lowest end of the applicable advisory guideline range, and evaluate the information provided by Chavez-Magana for a potential departure motion pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e).

A presentence report (PSR) was filed and reported that after application of a three-level adjustment for acceptance of responsibility, Chavez-Magana's adjusted offense level was 33 and his criminal history category was I, resulting in an advisory guideline range of 135-168 months of imprisonment. Neither party filed objections to the sentence guideline calculation set forth in the PSR.

At Chavez-Magana's sentencing hearing, the government reported that it would not move for a downward departure pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e) because Chavez-Magana had not been "candid" in providing information and had "misstated, if not worse, what the facts were." Record on Appeal, Vol. IV at 5. The government stated that Chavez-Magana "did admit only that he was in possession of the methamphetamine" and the government "assume[d] there is someone out there expecting payment or some form of compensation for those drugs." Id. at 5-6. The court adopted the unchallenged guideline calculation from the PSR and sentenced Chavez-Magana to 135 months of imprisonment and five years of supervised release.

II.

Chavez-Magana concedes that his counsel failed to argue that he was entitled to a two-level reduction as a minor participant pursuant to U.S.S.G. § 3B1.2. Instead, he argues that the district court should have inferred from the government's refusal to move for a downward departure pursuant to U.S.S.G. § 5K1.1 that he was a minor participant in the criminal activity investigated by the government. He claims that because he could not provide sufficient information to assist the government's investigation of a larger drug conspiracy, the court should have inferred that he was a minor participant, who merely stored drugs for someone else. In light of defense counsel's and the government's statements regarding the application of § 5K1.1, he asserts that the district court should have *sua sponte* applied § 3B1.2 to reduce his base offense level and that the court's failure to do so was unreasonable.

We review an alleged error in sentencing raised for the first time on appeal for plain error. United States v. Whitney, 229 F.3d 1296, 1308 (10th Cir. 2000). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005). A defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to a reduction in base offense level pursuant to § 3B1.2. United States v. Onheiber, 173 F.3d 1254, 1258 (10th Cir. 1999).

The government argues that because § 3B1.2 is inapplicable to Chavez-Magana's

case, no error occurred and Chavez-Magana fails the first element of plain error review.

Section 3B1.2(b) permits a court to reduce a defendant's base offense level by two levels if "the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). This section can apply to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." United States v. Salazar-Samaniega, 361 F.3d 1271, 1277 (10th Cir. 2004) (citing U.S.S.G. § 3B1.2 cmt. n.3(A) (2002)). To determine whether a minor role reduction will apply, the district court must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and the activities of others involved in the offense." Id. (citations omitted) (emphasis added). The commentary provides that "this guideline is not applicable unless more than one participant was involved in the offense." See U.S.S.G. § 3B1.2, cmt. n.2 (2002); Salazar-Samaniega, 361 F.3d at 1277.

The government asserts that because Chavez-Magana was the only person charged with or convicted of the offense at issue, this provision which necessarily requires a comparison of culpability cannot apply here. In addition, the government argues that the record contains no factual support for Chavez-Magana's claims, which arise for the first time on appeal, that other individuals were involved in the offense. The government notes that Chavez-Magana pled guilty to possession of methamphetamine that was found in the basement of a residence where he was the sole occupant. See United States v. Patterson, 472 F.3d 767, 783 (10th Cir. 2006) (concluding that district court did not clearly err in refusing to apply § 3B1.2 because there was no evidence presented that

defendant was part of a drug distribution ring and the defendant was the owner and driver of vehicle where drugs were found).

Finally, the government also argues that a district court's decision to grant a reduction in offense level under § 3B1.2 involves factual findings, which are subject to a deferential standard of review on appeal. We have previously noted that "[w]hen a factual issue is not raised below, there is no record on which to base our review" and held generally that "questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." United States v. Bush, 405 F.3d 909, 922 (10th Cir. 2005) (quotations and citations omitted).

Although we do not agree with the government that a defendant who is the only person charged or convicted in connection with a criminal operation is necessarily ineligible for the minor participant adjustment, in this case there was no evidence that other persons were involved in the offense to which Chavez-Magana pled guilty. We therefore hold that § 3B1.2 cannot apply. Further, because Chavez-Magana failed to put forth any evidence on this issue, there is no factual record for us to review to determine whether he was entitled to a reduction in offense level pursuant to § 3B1.2. To the extent Chavez-Magana argues that his sentence is unreasonable, we have held that a sentence within the applicable guideline range is presumptively reasonable. United States v. Terrell, 445 F.3d 1261, 1264 (10th Cir. 2006). Chavez-Magana has failed to rebut this presumption.

IV.

We AFFIRM the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge