**F I L E D**

e raaUNITED STATES COURT OF APPEALS

TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 07-4035 |
| v. | (D. Utah) |
| VINCENTE HERNANDEZ-GARCIA, A/K/A PEDRO PEREZ-ELINEZ, | (D.C. No. 2:06-CR-00459-DB) |
| Defendant - Appellant. | |

ORDER AND JUDGMENT[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Vincente Hernandez-Garcia pleaded guilty to conspiring to distribute fifty

grams or more of methamphetamine, in violation of 21 U.S.C. § 846(b)(1)(A),

and illegally re-entering the United States after deportation, in violation of 8

U.S.C. § 1326. The district court sentenced him to 97 months' imprisonment

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

followed by 3 years' supervised release.  Mr. Hernandez-Garcia now challenges the reasonableness of his sentence.  Our jurisdiction arises under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

A federal grand jury indicted Mr. Hernandez-Garcia on multiple counts of distributing methamphetamine, one count of conspiracy to distribute fifty grams or more of methamphetamine, and one count of illegal re-entry of a previously deported alien.  Pursuant to a plea agreement, Mr. Hernandez-Garcia pleaded guilty to the conspiracy count and the illegal re-entry count.

At sentencing, the district court calculated the sentencing range recommended by the United States Sentencing Guidelines ("Guidelines") to be 97 to 121 months.  Mr. Hernandez-Garcia agreed that the court's calculation was correct, but requested a below-Guidelines sentence.  He argued the sentences within the recommended range were "too long" and "not necessary . . . to provide the amount of time that justice requires." Rec. vol. II, at 5.  He also reminded the court that it "has a lot of discretion to fashion a reasonable sentence." Id.  The government, in accordance with the plea agreement, recommended a low-end Guidelines sentence.

The district court agreed with the government and sentenced Mr. Hernandez-Garcia to 97 months' imprisonment followed by 3 years' supervised release.  In responding to Mr. Hernandez-Garcia's argument for a below-

Guidelines sentence, the district court stated that "[t]here is a lot of merit to [the] argument about these sentences being too high." Id. at 6. However, it ultimately concluded that Mr. Hernandez-Garcia's arguments "are probably better directed to the Sentencing Commission and to Congress than to individual judges at this stage of our ongoing sentencing efforts in this country, which is fair, to provide overall deterrents. Your remarks are not rejected out of hand, but I think in this particular instance the guidelines need to be followed." Id. at 8. Mr. Hernandez-Garcia timely appealed.

## II. DISCUSSION

Under United States v. Booker, 543 U.S. 220 (2005), we review sentences for reasonableness. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). Reasonableness has procedural and substantive components which encompass, respectively, "the method by which the sentence was calculated" and "the length of the sentence." Kristl, 437 F.3d at 1055 (emphasis omitted).

In setting a procedurally reasonable sentence, the district court must appreciate the advisory nature of the Guidelines, correctly calculate the applicable Guidelines range, and consider the factors contained in 18 U.S.C. § 3553(a). See United States v. Sanchez-Juarez, 446 F.3d 1109, 1114-15 (10th Cir. 2006). "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." United States v. Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007). If the district court did not commit any procedural

errors in arriving at a sentence and imposed a sentence within the recommended Guidelines range, we presume that sentence is substantively reasonable. Kristl, 437 F.3d at 1054; see Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (holding that "a court of appeals may apply a presumption of reasonableness" to within-Guidelines sentences).

On appeal, Mr. Hernandez-Garcia does not attempt to rebut the presumption of reasonableness afforded to his low-end Guidelines sentence by pointing to any § 3553(a) factor. Instead, he tersely argues that his sentence is procedurally unreasonable because "the district court used the Guidelines as a starting place and while agreeing that the sentence may be too long, nevertheless felt constrained to impose it." Aplt's Br. at 2-3; see id. at 5 ("[T]here is no presumptive starting point using the Guidelines."). Mr. Hernandez-Garcia failed to object on this basis, but we need not move past the first prong of plain error review because the district court committed no error. See United States v. Lopez-Flores, 444 F.3d 1218, 1222 (10th Cir. 2006).

To begin, contrary to Mr. Hernandez-Garcia's argument, there was nothing wrong with the district court using the advisory Guidelines range as a "starting place" in crafting his sentence. United States v. Terrell, 445 F.3d 1261, 1264 (10th Cir. 2006) (stating that "[t]he Guidelines continue to be the starting point for district courts" when imposing terms of imprisonment) (internal quotation marks omitted); see Rita, 127 S. Ct. at 2464 ("[S]entencing judge[s], as a matter

of process, will normally begin by considering the presentence report and its interpretation of the Guidelines."). Moreover, the record shows that the district court did not place undue weight on the recommended Guidelines range because it expressly recognized the Guidelines were advisory and properly considered the circumstances underlying Mr. Hernandez-Garcia's case when crafting his sentence. See Rec. vol. III, at 7-8 (noting that "the guidelines are not mandatory" and stating that in "*this particular instance* the guidelines need to be followed" (emphasis added)). Accordingly, we conclude the district court did not err. See Rita, 127 S. Ct. at 2468 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3353(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.").

## III. CONCLUSION

For the foregoing reasons, Mr. Hernandez-Garcia's sentence is hereby AFFIRMED.

Entered for the Court,


Robert H. Henry
Circuit Judge