**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 7, 2007**

**TENTH CIRCUIT**

SAJCHA HOBBS,

      Petitioner-Appellant,

v.

HECTOR A. RIOS (Warden),

      Respondent-Appellee.

No. 06-1384

D. Colorado

(D.C. No. 06-CV-1239-ZLW)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

Sajcha Hobbs, proceeding *pro se*, appeals the district court's denial of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. Hobbs has provided documentation he has been approved to participate in the Bureau of Prisons'

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("BOP") Residential Drug and Alcohol Program ("RDAP") but was advised he would not be eligible for a sentence reduction under 18 U.S.C. § 3621(e) even if he successfully completed the program. Hobbs challenges the BOP's determination.[1] Exercising jurisdiction under 18 U.S.C. § 1291, we **affirm** the district court's denial of relief.

Pursuant to 18 U.S.C. § 3621(e), the BOP has discretion to reduce a federal inmate's sentence up to one year upon the successful completion of an RDAP. Section 3621(e)(2)(B) denies the sentence reduction to inmates convicted of violent offenses. In addition, the BOP has promulgated a regulation categorically denying the sentence reduction to inmates whose current offense is a felony involving, *inter alia*, the "carrying, possession, or use of a firearm or other dangerous weapon." 28 C.F.R. § 550.58(a)(1)(vi)(B). This regulation was upheld by the Supreme Court in *Lopez v. Davis*, 531 U.S. 230, 244 (2001).

In his § 2241 petition, Hobbs states he was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He repeats this assertion in his appellate brief. He then argues he is eligible for the § 3621(e) sentence reduction because (1) his conviction is nonviolent and (2) his offense conduct did not involve the use or possession of a firearm during the commission

_____

[1]Hobbs filed an opening appellate brief on October 11, 2006. Thereafter, he filed a motion asking this court to strike his brief and permit him to refile it. Hobbs' second brief was filed on October 24, 2006. We **grant** Hobbs' motion and consider only the arguments made in the appellate brief filed on October 24.

of a separate felony, and thus *Lopez* does not apply. Accordingly, he asserts the BOP's categorical denial of the sentence reduction was error.

Hobbs' assertion he was convicted of being a felon in possession of a firearm is incorrect.[2] The judgment Hobbs attached to his § 2241 petition shows he was, instead, convicted of unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Accordingly, even under Hobbs' erroneous reading of *Lopez*,[3] he is ineligible for the sentence reduction because his conviction involved the carrying of a firearm during the commission of a separate felony offense.[4]

---

[2]A large number of other inmates currently incarcerated at the federal penal institution in Florence, Colorado have filed appeals raising the same arguments Hobbs raises in this appeal. We assume the error in Hobbs' appellate brief arose because he and these other appellants, some of whom were in fact convicted of being felons in possession of firearms, have filed what appear to be photocopies of the same appellate brief.

[3]*Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007) ("[Petitioner] misreads *Lopez* insofar as he claims that it does not apply when [his] offense involved mere possession of a firearm.").

[4]Any reliance Hobbs places on *Ward v. Booker*, 202 F.3d 1249, 1256 (10th Cir. 2000) is misplaced because *Ward* was abrogated by *Lopez*. *Lopez v. Davis*, 531 U.S. 230, 238, 244 (2001) (specifically referencing *Ward* and holding to the contrary that the BOP may categorically deny a sentence reduction to inmates whose current offense is a felony involving a firearm).

Upon de novo review of Hobbs' appellate brief, the district court's order, and the entire record on appeal, this court **affirms** the denial of Hobbs' § 2241 petition.  Hobbs' motion to proceed *in forma pauperis* on appeal is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge