**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAY GARCIA-SALAS,

    Defendant - Appellant.

No. 07-2126

(D. New Mexico)

(D.C. No. CR-06-2259-JP)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

Having interpreted this court's precedents as virtually foreclosing variances from the United States Sentencing Guidelines, the district court imposed a sentence at the bottom of the Guidelines range. We might disagree with that interpretation but it is unnecessary to revisit our precedents. Under the Supreme Court's recent decisions in *Gall v. United States*, No. 06-7949, 2007 WL 4292116 (S. Ct. Dec. 10, 2007), and *Kimbrough v. United States*, No. 06-6330, 2007 WL 4292040 (S. Ct. Dec. 10, 2007), it is clear that the district court had greater

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentencing discretion than it thought it did. Accordingly, we reverse and remand for resentencing.

## I.    BACKGROUND

On November 29, 2005, Albuquerque police officers recovered a duffle bag containing two handguns and over 40 rounds of ammunition at the home of Ray Garcia-Salas. He had previously been convicted of felony battery on a police officer in New Mexico state court. On January 29, 2007, he pleaded guilty in the United States District Court for the District of New Mexico to one count of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). He was 21 at the time.

The probation office prepared a presentence report (PSR). His base offense level under the Sentencing Guidelines was 20 because he committed the present offense following a felony conviction of a crime of violence. *See* USSG § 2K2.1(a)(4)(A). After a three-level reduction for accepting responsibility under USSG § 3E1.1, his total offense level was 17. Four criminal-history points—one for a prior juvenile adjudication for unauthorized graffiti, one for a conviction of battery of a peace officer, and two for committing the present offense while on probation—placed him in criminal history category III. His Guidelines sentencing range was therefore 30 to 37 months' imprisonment. The PSR proposed that he participate in and complete a substance-abuse treatment program as a special condition of release.

Before the sentencing hearing Mr. Garcia-Salas filed a motion for a downward departure under the Guidelines. First, he sought a downward departure under § 5H1.4 because of an extraordinary physical impairment or condition. When he was four years old he was hit by a train, which resulted in the amputation of his left leg below the knee. He now wears a prosthetic limb. He argued (1) that his condition would severely limit his ability to participate in physical activity in prison and make him more vulnerable to attack and (2) that accommodating his physical condition would increase the cost of his imprisonment. Next he sought a downward departure under § 5H1.6 for extraordinary family ties and responsibilities. Mr. Garcia-Salas fathered children when he was 15 and 19 and became their primary caretaker, a stay-at-home father, while the mother of the younger child worked. Also, he was active in the New Mexico Young Fathers Project, through which "he has led groups, lectured at schools . . ., and . . . participated on local and national panels." R. Vol. I, Doc. 18 at 4 (Def.'s Mot. for Downward Departure, Apr. 17, 2007). Finally, he sought a downward departure under § 5H1.3 because of his mental and emotional condition. In addition to losing his leg, he had suffered other traumatic experiences, including abandonment by his mother when he was an infant and the suicide of his stepmother in the family home on his tenth birthday. Mr. Garcia-Salas asserted that these factors, both individually and in the aggregate, supported

a departure. The government opposed the motion and the probation office concluded that the facts did not justify a downward departure.

At the sentencing hearing the district court acknowledged the government's opposition to Mr. Garcia-Salas's motion and agreed that "individually and in combination the grounds asserted do not take this case outside of the heartland of cases thereby justifying a downward departure." R. Vol. III at 5. Mr. Garcia-Salas then urged the court to grant him a downward variance under 18 U.S.C. § 3553(a). He argued that under *United States v. Booker*, 543 U.S. 220 (2005), the court could consider the "whole person" and vary from the Guidelines accordingly. *Id.* The court responded that its discretion to vary was limited:

> [T]he recent rulings of the Tenth Circuit . . . make it very difficult for a sentencing judge to sentence under 18 [U.S.C. §] 3553(a). The guideline sentencing range is presumptively reasonable, and a sentence in that range would be virtually automatically affirmed. Any sentence outside that range would have a very difficult time of standing given the opposition of the government. . . . Theoretically, I have discretion, but the recent opinions make it very difficult to exercise that.

R. Vol. III at 6–7. The court then asked whether the government would "oppose an 18-month sentence under 3553(a)," and the government responded that it would. *Id.* at 8. After further argument by Mr. Garcia-Salas the court denied the request to vary:

> I think I feel constrained to stay within the guidelines. As I already indicated, I don't think the facts present a case outside the heartland of cases. Even though I might be inclined otherwise to sentence

under 3553(a) below the 30 months, I think that would invite a high risk of reversal.

*Id.* at 9.  The court sentenced Mr. Garcia-Salas to 30 months' imprisonment, the bottom of the Guidelines range.

The district court also ordered that Mr. Garcia-Salas "participate in and successfully complete a substance abuse treatment program." *Id.* at 12–13.  In response Mr. Garcia-Salas asserted that "there is no evidence at all that [he] has any substance abuse problem at all." *Id.* at 14.  The court replied:  "It's a condition recommended by probation and it's within the discretion of probation whether to require it or not. . . .  There would be a required one-time urinalysis, so if it's negative, then probation could just disregard it." *Id.* at 14–15.  The court's judgment, however, contained no language conditioning the treatment on failing a urinalysis.  Mr. Garcia-Salas appeals both the prison sentence and the drug-treatment condition of release.

## II.    DISCUSSION

Under *Booker* "we review sentencing decisions for reasonableness, which has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007).  Procedural reasonableness relates to the manner in which the court arrives at its sentence.  "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)."  Substantive reasonableness

relates to the length of the sentence. "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id*. We have stated that within-Guidelines sentences are, with respect to substantive reasonableness, "presumptively reasonable." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). That presumption was upheld by the Supreme Court in *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007).

Only a few weeks ago, however, did the Supreme Court provide further guidance on review of sentences not within the Guidelines range. In *Gall* and *Kimbrough* the Supreme Court explained that such a sentence can be set aside only for an abuse of discretion. In particular, the Court held "impermissible" any "presumption of unreasonableness for sentences outside the Guidelines range." *Gall*, 2007 WL 4292116, at *5. This is not to say that the district court is free to impose any sentence whatsoever on remand. But there is undoubtedly some room below the Guidelines minimum for a "reasonable" sentence.

Because we remand for resentencing, we need not address the propriety of the special condition of release imposed on Mr. Garcia-Salas, as the issue may well not arise at resentencing.

We REVERSE Mr. Garcia-Salas's sentence and REMAND for resentencing.

Judge McWilliams dissents.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge