FILED
United States Court of Appeals
Tenth Circuit

May 13, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO ZAMORA-
SOLORZANO,

Defendant - Appellant.

No. 07-3205

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 06-CR-20100-JWL)**

---

Submitted on the briefs:*

David J. Phillips, Federal Public Defender, and Kirk C. Redmond, Assistant
Federal Public Defender, Office of the Federal Public Defender for the District of
Kansas, Topeka, Kansas, for the Appellant.

Eric F. Melgren, United States Attorney, and Leon Patton, Assistant United States
Attorney, Office of the United States Attorney for the District of Kansas, Kansas
City, Kansas, for the Appellee.

---

Before **HENRY**, Chief Circuit Judge, **TACHA**, and **LUCERO**, Circuit Judges.

---

*After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

**TACHA**, Circuit Judge.

Defendant-Appellant Alejandro Zamora-Solorzano pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, and using a firearm in furtherance of a drug trafficking felony in violation of 18 U.S.C. § 924(c).  His resulting sentence of 270 months' imprisonment is at the low end of the applicable range under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").  Mr. Zamora-Solorzano appeals his sentence, contending that the district court afforded the Guidelines improper weight in violation of *Rita v. United States*, 127 S. Ct. 2456 (2007).  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we AFFIRM.

## I.  BACKGROUND

After the district court accepted Mr. Zamora-Solorzano's guilty plea, the United States Probation Office prepared a presentence report ("PSR").  The PSR calculated the applicable Guidelines range for the conspiracy conviction at 210–262 months' imprisonment.  The PSR also stated that the applicable Guidelines sentence for the firearms conviction is the statutory minimum sentence of 60 months' imprisonment to be served consecutively to the sentence for conspiracy.  This produced a total Guidelines range of 270–322 months.

Mr. Zamora-Solorzano objected to the PSR's calculation of the applicable

-2-

Guidelines range,[1] and he further contended that regardless of the Guidelines

sentence for the conspiracy conviction, the statutory minimum sentence of 120

months' imprisonment is appropriate in light of the sentencing factors set forth in

18 U.S.C. § 3553(a).[2]  In conjunction with the 60-month mandatory minimum for

the firearm conviction, this produced a total sentence of 180 months'

imprisonment.

At the sentencing hearing, which took place shortly after the Supreme

Court issued its decision in *Rita*, the district court heard extensive argument from

both parties regarding the applicable Guidelines range and whether a downward

variance under § 3553(a) is appropriate.  The district court ultimately agreed with

the PSR's computation of the Guidelines range of 270–322 months.  It then turned

to the question of a variance, stating:

> As I have evaluated the Supreme Court's description of sentencing in
> terms of the role of the advisory guidelines here, I do think it
> remains my obligation to consider the guidelines and give them
> considerable weight, and I do give them considerable weight because
> of the, I think, very important consideration of uniformity in
> sentencing.  And as a result, while I don't engage in any legal
> presumption of reasonableness, I start with the notion that the
> guidelines very much deserve careful consideration as to what a
> sentence might look like here in terms of an attempt to sentence
> individuals consistently throughout the federal courts.

---

[1]Specifically, Mr. Zamora-Solorzano argued that he was not an organizer or leader subject to a four-level enhancement under U.S.S.G. § 3B1.1(a).

[2]In addition to arguing for a variance under § 3553(a), Mr. Zamora-Solorzano also sought a departure under U.S.S.G. § 5K2.0.  He does not appeal the district court's denial of his request for a departure.

> From that then I turn to the underlying factors set out in the sentencing statute to make the evaluation as to whether or not the court's own view of this process accords with where a sentence ought to go, whether within the guidelines or not.

The district court then expressly considered the factors under § 3553(a) as applied to the facts of this case. The court ultimately concluded that the facts do not warrant a variance and sentenced Mr. Zamora-Solorzano to 270 months' imprisonment. Mr. Zamora-Solorzano appeals, contending that the district court erred under *Rita* in giving the Guidelines sentence "considerable weight."

## II. DISCUSSION

After *United States v. Booker*, 543 U.S. 220 (2005), we review sentencing decisions for an abuse of discretion, asking whether the sentence is reasonable. *Rita*, 127 S. Ct. at 2465. "Reasonableness review is a two-step process comprising a procedural and a substantive component." *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). Procedural review asks whether the sentencing court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597. Substantive review "involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the

-4-

factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007).

In *Rita*, the Supreme Court held that an appellate court may apply a presumption of substantive reasonableness to within-Guidelines sentences. 127 S. Ct. at 2462. The Court made clear, however, that any such presumption is appropriate only at the appellate level; a district court may not presume that a Guidelines sentence is substantively reasonable. *Id.* at 2465; *see also Conlan*, 500 F.3d at 1170 (remanding for resentencing because the district court applied a presumption of reasonableness to a Guidelines sentence); *United States v. Huff*, 514 F.3d 818, 820–21 (8th Cir. 2008) (remanding for resentencing after *Rita* because "[t]he district court imposed the sentence not as a result of the district court's assessment of the relevant factors and determination of the minimally adequate sentence, as required by § 3553(a), but as a direct consequence of the court's incorrect conclusion it was bound . . . to accord the guidelines range presumptive weight").

In this case, the district court clearly did not deem the Guidelines sentence presumptively reasonable. The court specifically cited to the decision in *Rita* and stated that the court was not "engag[ing] in any legal presumption of reasonableness." Nevertheless, Mr. Zamora-Solorzano contends that by giving the Guidelines "considerable weight," the district court "bestowed a primacy on the guidelines calculation that Supreme Court precedent has clearly counseled

against."  He argues that *Rita* effectively overruled our holding in *United States v. Terrell*, 445 F.3d 1261, 1265 (10th Cir. 2006), that a district court may give the Guidelines "heavy weight" in fashioning a particular sentence.

Because this particular objection was not brought to the attention of the district court, we review it for plain error.  *See United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007).  "We will find plain error where there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.*  We conclude that the district court did not err.

To begin, *Rita* simply held that "the sentencing court does not enjoy the benefit of a *legal presumption* that the Guidelines sentence should apply."  *Rita*, 127 S. Ct. at 2465 (emphasis added).  Similarly, we have explained that a district court is not *required* to give heightened consideration to the Guidelines as a matter of course.  *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).  On the other hand, "gravitational pull [towards a Guidelines sentence at the district court level] that reduces sentencing disparity—*so long as it does not rise to the level of mandate*—is neither unconstitutional nor undesirable."  *United States v. Angel-Guzman*, 506 F.3d 1007, 1014 (10th Cir. 2007) (emphasis added).  Thus, neither *Rita* nor our case law suggests that a district court is precluded from, in its individualized judgment, attributing considerable weight to a Guidelines sentence in a given case.  On this point, *Terrell* therefore remains

good law.[3]

Moreover, the Guidelines are a factor the district court must consider under § 3553(a), and the Supreme Court has recently explained that our abuse-of-discretion review requires us to give "due deference" to the weight the district court bestows on any particular § 3553(a) factor in justifying its sentencing decision. *See Gall*, 128 S. Ct. at 597–602; *Smart*, 518 F.3d at 808 ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence].'" (quoting *Gall*, 128 S. Ct. at 597)). We find such deference appropriate here. The district court balanced all of the § 3553(a) factors, including the policy considerations reflected in the Guidelines. And, given the facts of the case, the district court reasonably attached considerable weight to the applicable Guidelines range. *See Gall*, 128 S. Ct. at 600, 602 (holding that the court of appeals should have deferred to the district court's sentencing decision when the court "quite reasonably attached great weight" to facts supporting particular sentencing

---

[3]We also indicated in *Terrell* that district courts may apply a presumption of reasonableness to Guidelines sentences. 445 F.3d at 1265 ("[J]ust as we presume on appeal that a sentence within the applicable Guidelines range is reasonable, so are district courts free to make the same presumption . . . ."). On this point, *Terrell* is no longer good law. *See Rita*, 127 S. Ct. at 2465; *Conlan*, 500 F.3d at 1170.

factors); *see also United States v. Dale*, 498 F.3d 604, 610–11 (7th Cir. 2007) (stating—after *Rita*—that "the district court can place significant weight on the guidelines without rendering the resulting sentence unreasonable").  The resulting sentence is therefore reasonable.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Zamora-Solorzano's sentence.