**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEITH LEON GARRETT,

Defendant-Appellant.

No. 07-1464

District of Colorado

(D.C. No. 1:03-CR-00301-MSK)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Keith Leon Garrett, who prefers to be known as Mr. Alex, pled guilty in federal court to being a felon in possession of a firearm. The district court sentenced him to 70 months in prison, the bottom of the guidelines range of 70–87 months. Mr. Garrett acknowledges that the court correctly calculated the guidelines range, but contends that his sentence is unreasonable because the district court did not account for his history of drug abuse. We review the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence for abuse of discretion, *United States v. Angel-Guzman*, 506 F.3d 1007, 1014–15 (10th Cir. 2007), and affirm.

In May, 2003, officers assigned to a joint federal-state "Gun Interdiction Unit" learned that a cocaine dealer known as "KK" was living in Colorado Springs, Colorado. Eventually identifying "KK" as Mr. Garrett, the officers discovered that he had several outstanding arrest warrants, and obtained a search warrant for his residence. There, the police found a .22 caliber semi-automatic handgun, crack cocaine, and several bills with Mr. Garrett's name on them. Mr. Garrett has a lengthy criminal record and was charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and pled guilty.

The Presentence Investigation Report (PSR) calculated Mr. Garrett's criminal history as V and his total offense level as 21, producing a Guidelines range of 70–87 months. Mr. Garrett made no objections to its factual content or the guidelines calculation, but filed objections arguing that his criminal history was overrepresented and should be reduced to IV, and that he should receive a variance because his "entire criminal history is driven by his drug and alcohol abuse and his inability to control the abuse and his behavior when he is not in custody," and thus "[a] 57 month sentence will better meet the § 3553(a) factors than a 70 month sentence." Def. Objections to PSR, at 2.

At sentencing, the district court recognized its discretion to vary from the guidelines, but chose not to, explaining:

We have an extensive criminal history, one that is plagued by drug and alcohol abuse, no apparent recognition of that problem, and no apparent commitment to addressing it. We have an accelerating criminal pattern with the danger of increased violence. Under these circumstances, I am disinclined to impose a variant sentence, believing that the seriousness of the offense and the need to adequately deter criminal conduct, as well as to protect the public from further crimes by this defendant, as well as to provide this defendant with needed educational or vocational training, medical care, or other correctional treatment suggests that the guideline range is appropriate.

R. Vol. III, at 16–17.

As best we understand it, Mr. Garrett's appellate brief raises two challenges to his sentence, one procedural, and one substantive. See *United States v. Zamora-Solorzano*, ___ F. 3d ___, No. 07-3205, 2008 WL 2035476, at *2 (10th Cir. May 13, 2008) (distinguishing procedural and substantive challenges). His procedural challenge is that the district judge sentenced him under a mistaken apprehension of fact and law. At sentencing, the court complained that it had "heard no mention" of a "drug rehabilitation program called RDAP" (residential drug abuse treatment program) run by the Bureau of Prisons, and strongly recommended that the defendant participate in it. R. Vol. III, at 17. In fact, Mr. Garrett had mentioned the program in his objections to the PSR, claiming that "[t]he defendant will not be eligible for the RDAP program early release" as one reason to grant a variance. Def. Objections to PSR, at 2.

Mr. Garrett and the district court were talking past one another. On appeal, Mr. Garrett fails to distinguish between two things—the drug treatment program

itself and the early release available to some participants in the program. As the PSR recognizes, the defendant may be eligible to participate in the drug-treatment elements of the RDAP, and although the decision is ultimately up to the Bureau of Prisons the district judge "recommend[ed] . . . that they allow him to participate." R. Vol. III, at 17. He will not be eligible, however, to a year's early release if he performs well. A Bureau of Prisons regulation denies early release to those convicted of Mr. Garrett's offense. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B), *upheld by Lopez v. Davis*, 531 U.S. 230, 232–33 (2001). We discern no reason that ineligibility for early release makes him ineligible for the program itself. *See Hobbs v. Rios*, 215 Fed. App'x. 773, 774 (10th Cir. 2007) (defendant "approved to participate in the [RDAP] but was advised he would not be eligible for a sentence reduction under 18 U.S.C. § 3621(e)."); *Berchiolly v. Terrell*, 202 Fed. App'x. 330, 331 (2006) (10th Cir. 2006) (same). So the district judge was not wrong in thinking that Mr. Garrett was potentially eligible for drug-treatment, and at worst spoke loosely when saying that Mr. Garrett had not mentioned the program, since the objection had mentioned only eligibility for "*RDAP program early release*," not the program itself. This is not a procedural error.

Mr. Garrett's substantive argument is that his sentence is too long, and that 18 U.S.C. § 3553(a) mandates a downward variance in light of his drug problems. Because his "sentence was within the Guidelines range, . . . we accord it a presumption of reasonableness." *United States v. Thompson*, 518 F.3d 832, 869

(10th Cir. 2008). Mr. Garrett's references to his drug problems are insufficient to overcome the presumption. We therefore defer to the district court's discretion in fixing the length of the sentence.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge