UNITED STATES of America,
Plaintiff–Appellee,

v.

Dejuan Martez COVINGTON,
Defendant–Appellant.

No. 07–6141.

United States Court of Appeals,
Tenth Circuit.

July 15, 2008.

Susanna M. Voegeli, Sanford C. Coats, Mark A. Yancey, Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

James T. Rowan, Rowan Ashbaker & McKay PC, Oklahoma City, OK, for Defendant–Appellant.

Before TACHA, KELLY, and McCONNELL, Circuit Judges.*

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

**ORDER AND JUDGMENT** **

PAUL J. KELLY, JR., Circuit Judge.

Defendant–Appellant Dejuan Martez Covington appeals from the sentence imposed following his guilty plea to one count of knowingly and intentionally distributing 5 or more grams of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). Qualifying as a career offender, he was sentenced to 210 months' imprisonment followed by 4 years' supervised release.[1] Mr. Covington concedes that he qualifies as a career offender and that the district court correctly calculated his United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") sentence, but argues his sentence was procedurally unreasonable because the district court treated the Guidelines as mandatory. He also claims that his youth and the nature of his prior convictions justify a below-Guidelines sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

We review sentencing decisions for reasonableness under a deferential abuse of discretion standard. *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Reasonableness review comprises a procedural and substantive component. *United States v. Smart,* 518 F.3d 800, 803 (10th Cir.2008). Mr. Covington's claim that the district court treated the Guidelines as mandatory implicates procedural reasonableness review. *See id.* To support his argument, he points us to the district court's statement that it was

bound by the laws that the Government passes. What laws Congress passes, I have to follow. If I don't follow them, then the Government could appeal and I would be reversed and we would have wasted everybody's time, so I have to follow them, too.

When the Sentencing Guidelines were mandatory, we had absolutely no choice except to follow those prior to a year or two ago when they said they were advisory, but they are still given great weight and we are still bound to basically follow them, except in very unusual circumstances, or we just get reversed and [Mr. Covington] will be back where [he was], no matter what I did.

Trans. of Sent. at 14–15.

■ Based upon this statement, we conclude that the district court understood that the Guidelines are advisory and treated them as such, but exercised its discretion to not vary from the Guidelines absent a compelling justification. Mr. Covington argued that his youth and the nature of his prior convictions justified a downward variance, but the district court found that the need to impose a Guidelines sentence outweighed these factors. It was not an abuse of discretion to do so. *See United States v. Zamora–Solorzano,* 528 F.3d 1247, 1250–51 (10th Cir.2008) (explaining that district court has discretion to attribute considerable weight to Guidelines sentence).

Mr. Covington also points to the court's statement that "[t]hese aren't recommendations, these just set forth what we have

---

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. Qualifying as a career offender, Mr. Covington's total offense level was 32 and his crimi-

nal history category was VI, yielding a Guidelines range of 210 to 262 months. Absent the career offender enhancement, his total offense level would have been 26, his criminal history category would have remained VI, and his Guidelines range would have been 120 to 150 months.

to follow, what I, as the Judge, has to follow." Sent. Trans. at 15. Mr. Covington, however, quotes this statement out of context—the court made this statement while discussing its application of the career offender enhancement in calculating the Guidelines sentence. *See id.* The court never stated that it was required to impose a Guidelines sentence.

■ Finally, Mr. Covington argues that we may no longer presume that a sentence within the correctly determined Guidelines range is substantively reasonable. However, *Gall* clearly provides that we may still apply this presumption. 128 S.Ct. at 597. Mr. Covington may rebut this presumption by showing that the 18 U.S.C. § 3553(a) factors justify a lower sentence. *United States v. Kristl,* 437 F.3d 1050, 1054 (10th Cir.2006). However, as explained above, the district court did not abuse its discretion in finding that the factors identified by Mr. Covington did not justify a below-Guidelines sentence. Additionally, the district court imposed sentence after adequately considering all of the § 3553(a) factors. Sent. Trans. at 16–17; *see United States v. Ruiz–Terrazas,* 477 F.3d 1196, 1199 (10th Cir.2007) (explaining that § 3553(c) requires district court to provide general statement of reasons for imposing sentence within Guidelines range). Accordingly, Mr. Covington's sentence at the low-end of the correctly calculated Guidelines range was reasonable.

AFFIRMED.

McCONNELL, J., dissenting.

The district judge sentenced the defendant to the bottom of the Guidelines range, 210 months. In so doing, he stated:

When the Sentencing Guidelines were mandatory, we had absolutely no choice except to follow those prior to a year or two ago when they said they were advi-

sory, but they are still given great weight and we are still bound to basically follow them, except in very unusual circumstances, or we just get reversed and you will be back where you were, no matter what I did.

Tr. 14–15. That is not a correct statement of the law as it now stands. For better or worse, district courts are *not* "still bound to basically follow [the Sentencing Guidelines], except in very unusual circumstances, or [they] just get reversed." That may have been an accurate description of appellate practice prior to *Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), but it is precisely the view of the law the Supreme Court repudiated in that decision. *See id.* at 595 ("We reject, however, an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range.").

Since the Supreme Court's decision rendering the Guidelines advisory, *United States v. Booker,* 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we have held that it is procedural error, requiring resentencing, for the district court to treat the Guidelines as mandatory. *United States v. Gonzalez–Huerta,* 403 F.3d 727, 732 (10th Cir.2005) (en banc); *United States v. Labastida–Segura,* 396 F.3d 1140, 1142–43 (10th Cir.2005). Under the Supreme Court's current view, as articulated in *Gall,* not only are defendants entitled to be sentenced in light of the district court's discretionary evaluation of the sentencing factors of 18 U.S.C. § 3553(a), they are also entitled to be sentenced without those courts fearing or assuming they will be reversed if there are no "extraordinary" or "very unusual" circumstances that justify a variance from the recommended Guideline ranges. *Gall,* 128 S.Ct. at 595.

In *Sanchez v. United States*, —— U.S. ——, 128 S.Ct. 1720, 170 L.Ed.2d 511 (2008), the Supreme Court vacated and remanded a pre-*Gall* decision by this Court, in which we affirmed a sentence despite statements by the district court suggesting it regarded the Guidelines as not being "solely discretionary." *United States v. Gonzales*, 252 Fed.Appx. 900, 907 (10th Cir.2007), *rev'd sub nom. Sanchez*, —— U.S. ——, 128 S.Ct. 1720, 170 L.Ed.2d 511 (2008). Other panels of this Court have remanded for resentencing in similar cases. *See United States v. Cerno*, 529 F.3d 926, 938–40 (10th Cir.2008) (reversing when the district court took too narrow a view of its sentencing discretion); *United States v. Garcia–Salas*, 260 Fed.Appx. 27, 29–30 (10th Cir.2007) (reversing when the district court stated that "[t]heoretically, I have discretion, but the recent opinions make it very difficult to exercise that.").

I recognize that district judges must be experiencing the judicial equivalent of whiplash. The United States Sentencing Guidelines used to be mandatory; now they are advisory. Even after they became advisory, this and other appellate courts reversed district courts for varying too far from the recommended ranges without powerful reasons; now we reverse district judges for saying that they will be reversed if they vary from the recommended ranges without powerful reasons. What once was required now is forbidden. This imposes burdens on district judges, who have to resentence defendants each time the rules change, even though they have been following the law applicable at the time. But it seems to me that is what is required in this case.