**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DON GREENE,

Defendant - Appellant.

No. 08-5031
(D. Ct. No. 4:04-CR-00209-HDC-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **MCCONNELL**, Circuit Judges.

The parties have not requested oral argument, and our examination of the briefs and record leads us to conclude that oral argument will not materially assist us in the disposition of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

On September 1, 2005, a jury convicted Defendant-Appellant Michael Don Greene of tax evasion under 26 U.S.C. § 7201 (Count One), and of subscribing to a false tax declaration under 26 U.S.C. § 7206(1) (Count Two). Mr. Greene was subsequently sentenced to consecutive prison terms of 60 months for Count One and 10 months for

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Count Two. He was also ordered to pay two $250,000 fines, one for each count. Each fine was the maximum permitted by statute, *see* 18 U.S.C. § 3571(b)(3), and twice the upper limit recommended by the United States Sentencing Guidelines. *See* U.S.S.G. § 5E1.2(c)(3) (recommending a fine of $12,500 to $125,000).

Following Mr. Greene's appeal to this Court, we affirmed his convictions and sentence, except for the aggregate $500,000 fine. We concluded that the district court had not explained, as it must, the justification for the amount of the fine. *See* 18 U.S.C. § 3553(c). We therefore remanded to the district court with the instruction that it provide its reasoning for the fine. *United States v. Greene,* 239 Fed. Appx. 431, 448 (10th Cir. 2007) (unpublished).

In a subsequent order dated February 8, 2008, the district court outlined its reasons for the $500,000 fine and Mr. Greene filed a notice of appeal shortly thereafter. Our review of both the district court's order and the briefs on appeal leads us to conclude that the imposition of the fine was reasonable. We therefore AFFIRM the district court's decision to impose a $500,000 fine on Mr. Greene.

Regardless of whether an imposed sentence is inside or outside the Sentencing Guidelines range, we review sentencing decisions that are free from procedural error[1]

---

[1]Mr. Greene does not allege that the district court committed a procedural error, and there is no indication such an error was committed now that the court has explained its reasons for deviating from the Guidelines range. Examples of procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

(continued...)

under an abuse-of-discretion standard, asking whether the sentence is reasonable. *Gall v. United States*, – U.S. –, 128 S. Ct. 586, 597 (2007); *United States v. Zamora-Solorzano*, 528 F.3d 1247, 1249 (10th Cir. 2008). In so doing, we take into account the totality of the circumstances, with the understanding that extraordinary circumstances are not required to justify a sentence outside the Guidelines range and a sentence outside this range is not presumed unreasonable. *Gall*, 128 S.Ct. at 595, 597. Although we may consider the extent of a sentence's deviation from the range, we "must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* That we "might reasonably have concluded a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

In the instant case, the district court's explanation for its deviation from the Guidelines range convinces us that its fine was reasonable. As the district court explained, Mr. Greene was a repeat offender who had a prior federal conviction for filing a false tax return. He refused to prepare and present to his probation officer and to the district court a sworn financial affidavit as required under 18 U.S.C. § 3664(d)(3), making it impossible for the court to assess with exactness his financial situation. It is now established, however, that Mr. Greene illegally avoided paying in excess of $2.5 million in taxes; that he attempted to conceal very substantial sums as business expenses, which he converted to cash; and that he concealed $576,809 in a bank account that was

---

[1](...continued)
sentence—including an explanation for any deviation from the Guidelines range. *See Gall*, 128 S. Ct. at 597.

discovered by investigators prior to his sentencing.

In light of Mr. Greene's criminal history, his evasive behavior, and the breadth of his financial assets, the district court determined that a $500,000 fine would be sufficient to ensure a punitive sentence. We find nothing in the record to suggest that the imposition of this fine was an abuse of the court's discretion. We conclude therefore that the fine is reasonable and AFFIRM this portion of the district court's sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge