FILED
United States Court of Appeals
Tenth Circuit

April 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DEJUAN MARTEZ COVINGTON,

      Defendant - Appellant.

No. 07-6141
(D.C. No. 06-CR-222-01-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

      Defendant-Appellant Dejuan Martez Covington pled guilty to one count of knowingly and intentionally distributing 5 or more grams of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). Qualifying as a career offender, he was sentenced to 210 months' imprisonment followed by 4 years' supervised

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

release.[1]  A divided panel affirmed the judgment.  United States v. Covington, 284 Fed. App'x 579 (10th Cir. 2008).  Judge McConnell viewed the district court's remarks at sentencing as an incorrect statement that the Sentencing Guidelines were mandatory.  Id. at *2.

Mr. Covington filed a petition for a writ of certiorari, and the Supreme Court granted the writ and vacated our judgment for further consideration of the case in light of Nelson v. United States, 129 S. Ct. 890 (2009).  Covington v. United States, --- S.Ct. ----, 2009 WL 735651 (Mar. 23, 2009) (mem.).  Upon consideration thereof, the case is REMANDED to the district court to vacate its judgment and resentence Mr. Covington, treating the Sentencing Guidelines as advisory and not affording any presumption of reasonableness to the Guidelines range.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1]  Qualifying as a career offender, Mr. Covington's total offense level was 32 and his criminal history category was VI, yielding a Guidelines range of 210 to 262 months.  Absent the career offender enhancement, his total offense level would have been 26, his criminal history category would have remained VI, and his Guidelines range would have been 120 to 150 months.