FILED
United States Court of Appeals
Tenth Circuit

June 14, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IGNACIO CALVILLO-RIBERA,

Defendant-Appellant.

No. 09-6183
(W.D. Oklahoma)
(D.C. No. 5:09-CR-00046-F-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **PORFILIO**, and **BRORBY**, Circuit Judges.[**]

---

Ignacio Calvillo-Ribera pleaded guilty to illegally re-entering the United

States after having been deported, in violation of 8 U.S.C. § 1326(a). The district court

sentenced him to seventy-one months' imprisonment. On appeal, he argues that his

sentence is procedurally and substantively unreasonable. We disagree and therefore

affirm Mr. Calvillo-Ribera's sentence.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. BACKGROUND

Ignacio Calvillo-Ribera is a Mexican citizen who has been deported from the United States on five separate occasions after entering the country illegally. During his time in the United States, Mr. Calvillo-Ribera has been convicted twice for assault, twice for driving under the influence, and once for driving while impaired. His most recent assault conviction occurred in 2002, when he pleaded guilty to domestic assault and battery, and assault and battery with a dangerous weapon. He was imprisoned until July 29, 2004, and was sentenced to probation until April 16, 2012.

Most recently, in January 2009, police detained Mr. Calvillo-Ribera, who was still serving a term of probation from his 2002 assault conviction, in Oklahoma City, Oklahoma, during a traffic stop. He admitted that he voluntarily entered the United States without receiving permission from the United States government, and pleaded guilty to re-entering the country illegally after being previously deported, in violation of 8 U.S.C. § 1326(a).

In preparation for the sentencing hearing, the probation officer prepared a Presentence Investigation Report ("PSR"), which calculated an advisory Guidelines range of between 57 and 71 months' imprisonment, based on an offense level of 21 and a criminal history category of IV. The PSR recommended a 16-point offense level increase because of Mr. Calvillo-Ribera's prior conviction for assault and battery with a

2

dangerous weapon. The PSR recommended a 2-point reduction for his acceptance of responsibility and an additional point reduction for cooperating with authorities.

On August 5, 2009, Mr. Calvillo-Ribera filed a sentencing memorandum requesting a sentence below that suggested by the Guidelines. At the hearing, the district judge first stated that he had reviewed Mr. Calvillo-Ribera's sentencing memorandum along with the PSR. In defense counsel's final comments, Mr. Calvillo-Ribera's attorney stressed that Mr. Calvillo-Ribera was a "hard worker" who "has a wife and children here who he has worked very hard to support," and again argued for a below-Guidelines sentence based on these considerations. Rec. vol. III, at 32 (Tr. of Sept. 10, 2009 Sentencing Hr'g).

The court then ruled that it would not impose a below-Guidelines sentence, stating:

> It is my conclusion after having carefully considered the statutory factors that the Court must be mindful of in imposing sentence that the Section 3553 factors carefully considered and taken together do lead to a result entirely in harmony with the application of the guidelines alone and that there is nothing in the Section 3553 factors which leads me to a conclusion that a sentence below the guideline range determined under the advisory guidelines is warranted.
>
> As a matter of fact, I intend to sentence this defendant at the top of the guidelines for the following reasons: He has been deported five times. I am persuaded that neither the border nor the law make[s] a difference to this defendant. He has powerful reasons to return based on the relationship that he has with Ms. Ortiz and the children that he has sired in the United States.

3

It is my conclusion based on the clear history of this defendant's repeated returns and his repeated deportations, five times, that the length of the sentence in this case basically is what will determine the length of time before his next illegal entry.

While in the United States, this defendant has committed two assaults, . . . both of which were assaults on females. . . .  I've got [two] driving under the influence conviction[s] in 2000, . . . and then a driving while impaired conviction in 2005.

This defendant has a track record not only of assaultive conduct but of putting life and limb at risk by drinking and driving when he comes illegally to the United States.  For all of those reasons, the Court concludes ― and that makes this a bit of an unusual case.

The Court concludes that a sentence at the top of the advisory guidelines is not only appropriate, but required.  Because, as I have said, based on this defendant's record of repeated illegal returns to the United States, the sentence that I impose in this case will basically be the length of time that will elapse before his next illegal re-entry.

Rec. vol. III, at 33–35 (Tr. of Sept. 10, 2009 Sentencing Hr'g).  The court then sentenced Mr. Calvillo-Ribera to 71 months' imprisonment.  Mr. Calvillo-Ribera did not object to the court's sentencing explanation.

## II. DISCUSSION

Mr. Calvillo-Ribera challenges both the procedural and the substantive reasonableness of his sentence.  In the district court's determination of sentencing, it is required to consider the factors set out in 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Among these factors, the court must consider the sentencing range suggested by the Guidelines, *see* 18 U.S.C. § 3553(a)(4), which provide recommended terms of incarceration based on the defendant's calculated "offense level" and "criminal

4

history category." *See* U.S.S.G. § 5A. A sentencing decision—whether falling inside or outside of the Guidelines' suggested range—must be both substantively and procedurally "reasonable." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). In determining both procedural and substantive reasonableness, we review the district court's decision for abuse of discretion. *Id.* at 805. Where, as here, a sentence falls within the range properly suggested by the Guidelines, it is presumed reasonable. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).

## A. Procedural Reasonableness

Mr. Calvillo-Ribera first argues that his sentence was procedurally unreasonable because the district court failed to consider the § 3553(a) factors and treated the Guidelines as mandatory. Because Mr. Calvillo-Ribera failed to raise these objections at the sentencing hearing, we review the district court's sentencing for plain error. *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

### 1. Consideration of the § 3553(a) factors

Under § 3553, the sentencing court must consider the defendant's prior criminal history, § 3553(a)(1), the potential danger the defendant poses to the general public, § 3553(a)(2)(C), the need "to promote respect for the law," § 3553(a)(2)(A), and the need "to provide the defendant with needed educational or vocational training," § 3553(a)(2)(D). The district judge considered all of these factors. He noted that the sentence was "based on the clear history of [the] defendant's repeated returns and his

5

repeated deportations," and that Mr. Calvillo-Ribera had "a track record of assaultive conduct [and] of putting life and limb at risk by drinking and driving." Rec. vol. III, at 34–35 (Tr. of Sept. 10, 2009 Sentencing Hr'g). The judge further observed that the 71-month sentence was "basically . . . the length of time that will elapse before [the defendant's] next illegal re-entry," *id.* at 35, thus indicating consideration of the need "to promote respect for the law." § 3553(a)(2)(A). The judge also suggested "that the defendant participate in the Inmate Financial Responsibility Program in accordance with the requirements of that program." Rec. vol. III, at 35 (Tr. of Sept. 10, 2009 Sentencing Hr'g).

A sentence that falls within the Guidelines range requires the district court provide "only a general statement of 'the reasons for its imposition of the particular sentence.'" *Ruiz-Terrazas*, 477 F.3d at 1199 (quoting 18 U.S.C. § 3553(c)). The district judge need not expressly spell out for the parties how each § 3553(a) factor figured into the sentencing calculation. *See id.* at 1201 ("Section 3553(a) imposes on the district court a duty to '*consider*' a variety of important sentencing considerations. But it nowhere imposes on the court a duty to address those factors on the record." (emphasis in original)). We find no error in the district court's statements, and conclude that they indicate sufficient consideration of the § 3553(a) factors.

    2. Alleged treatment of Guidelines as mandatory

Mr. Calvillo-Ribera next argues that the district court believed that the Guidelines' suggested sentencing range was mandatory based on the district court's statement "that a sentence at the top of the advisory guidelines is not only appropriate, but *required*." Rec. vol. III, at 35 (Tr. of Sept. 10, 2009 Sentencing Hr'g) (emphasis added). The Guidelines suggest a sentencing range but do not mandate that the judge follow that suggestion. *United States v. Booker*, 543 U.S. 220, 249 (2005). When a court treats the Guidelines as mandatory, this constitutes a "significant procedural error." *Gall*, 552 U.S. at 51.

In rejecting Mr. Calvillo-Ribera's motion for a downward variance, the judge stated:

> It is my conclusion after having carefully considered the statutory factors that the Court must be *mindful of* in imposing [a] sentence that the Section 3553 factors carefully *considered* and taken together do lead to a result entirely in harmony with the application of the guidelines alone and that there is nothing in the Section 3553 factors which leads me to a conclusion that a sentence below the guideline range determined under the *advisory* guidelines is warranted.

Rec. vol. III, at 33–34 (Tr. of Sept. 10, 2009 Sentencing Hr'g) (emphasis added). Implicit in the court's statement that it "considered" the factors and determined that no variance from the Guidelines was "warranted," is the belief that a variance *could* be warranted. Further, the district court repeatedly referred to the Guidelines as "advisory" throughout the proceeding. *See id.* at 31, 34, 35. Prior to sentencing, the judge read the sentencing memorandum, which recommended a departure from the Guidelines range, and at trial heard defense counsel's argument for a downward variance.

7

Read in context, the court's statement that "a sentence at the top of the advisory guidelines is not only appropriate, but required," merely indicates that the court believed the § 3553(a) factors to weigh more strongly in favor of a 71-month sentence as opposed to a lower term, rather than expressing a belief that the Guidelines range was binding. In light of this Court's presumption that judges know and apply the law, *Ruiz-Terrazas*, 477 F.3d at 1201, we are not persuaded by Mr. Calvillo-Ribera's abstract reading of the district court's statement.

## B. Substantive Reasonableness

Substantive reasonableness looks to whether the length of the sentence is reasonable under the circumstances and considering the § 3553(a) factors. *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009).[1] Mr. Calvillo-Ribera argues that the

---

[1] Mr. Calvillo-Ribera also maintains that this court should reconsider our holding in *Ruiz-Terrazas*, 477 F.3d at 1204, that "double counting" of a defendant's criminal history to calculate both the offense level and the criminal history category is permissible. The principles of stare decisis, however, bind us to that ruling. We remind Mr. Calvillo-Ribera that a panel of this court cannot overturn the decision of a previous panel absent a change in the law. *United States v. Edward J.*, 224 F.3d 1216, 1220 (10th Cir. 2000). Further, our decision in *Ruiz-Terrazas* is supported by analogous case law from most, if not all, of our sister circuits. *See United States v. Zapata*, 1 F.3d 46, 48 (1st Cir. 1993) (permitting double counting for the defendant's prior drug trafficking conviction and his criminal history category in sentencing him for unlawful entry following deportation after conviction for aggravated felony); *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006) ("It is well-established in this Circuit that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases." (emphasis in original)); *United States v. Fisher*, 502 F.3d 293, 309 (3d Cir. 2007) ("We have recognized that the Guidelines explicitly note when double counting is forbidden."); *United States v. Crawford*, 18 F.3d 1173, 1180 (4th Cir. 1994) (upholding double

district court gave undue weight to his prior deportations because they reflected "something of an overstatement of his history and characteristics," and because the court failed to adequately consider that he had family in the United States, that he was a productive worker, and that he voluntarily returned to Mexico after being found illegally in this country. Aplt's Br. at 8. We find this argument unpersuasive.

First, the district court expressly considered that Mr. Calvillo-Ribera had family in the United States, and thought this an inducement to his again returning illegally to the United States. Rec. vol. III, at 34 (Tr. of Sept. 10, 2009 Sentencing Hr'g); *see* 18 U.S.C. § 3553(a)(2) ("the need for the sentence imposed . . . to promote respect for the law"). Second, these facts were contained in the PSR, which the district judge reviewed prior to

counting between U.S.S.G. §§ 2L1.2 and 4A1.1); *United States v. Hernandez-Fierros*, 453 F.3d 309, 312–13 (6th Cir. 2006) (rejecting defendant's argument "that the Guidelines are unreasonable mainly because § 2L1.2 double counts his prior conviction" because the Sixth Circuit "gives [the Guidelines] Application Notes controlling weight, and because the Application Note 6 explicitly allows for double counting under this Guideline"); *United States v. Sebastian*, 436 F.3d 913, 917 (8th Cir. 2006) ("Nor do we believe the district court abused its discretion by declining to vary from the advisory range based on asserted 'double-counting' of [the defendant's] state conviction in both his offense level and his criminal history. The Sentencing Commission reasonably concluded that a prior felony of this type should increase both the offense level and the criminal history score, and it was not unreasonable for the district court to follow the same approach of punishing certain previously deported aliens more severely than others." (citation omitted)); *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1173 n.11 (9th Cir. 2009) ("[P]rior convictions used in calculating a defendant's specific offense characteristic level are not excluded from consideration under criminal history."); *United States v. Martinez*, 434 F.3d 1318, 1323 n.4 (11th Cir. 2006) (rejecting defendant's argument "that, because his prior convictions were used to increase his base offense level under U.S.S.G. § 2L1.2(b)(1)(A) and also to determine his criminal history points, they were impermissibly double counted.").

the sentencing hearing. Rec. vol. III, at 27 (Tr. of Sept. 10, 2009 Sentencing Hr'g). In light of the presumption of reasonableness and the deferential review afforded the district court's decision, we cannot say that the judge's decision to give more weight to Mr. Calvillo-Ribera's criminal history than to his redeeming characteristics and circumstances was outside his discretion. *See United States v. Zamora-Solorzano*, 528 F.3d 1247, 1251 (10th Cir.) ("[O]ur abuse-of-discretion review requires us to give 'due deference' to the weight the district court bestows on any particular § 3553(a) factor in justifying its sentencing decision."), *cert. denied*, 77 U.S.L.W. 3266 (U.S. Nov. 3, 2008) (No. 08-6569).

## III.   CONCLUSION

For the foregoing reasons, we hereby AFFIRM Mr. Calvillo-Ribera's sentence.

Entered for the Court,


Robert Henry
United States Circuit Judge

10